3006159-LRB/TNP                                                    ARDC: 6283745

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| MELISSA MANNING | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.    07 CV 6855 |
| | ) | |
| SMITHWAY MOTOR XPRESS, INC. | ) | Judge Kennelly |
| and SHAYNE ABRAM MELTON | ) | |
| | ) | Magistrate Judge Keys |
| Defendants. | ) | |

### DEFENDANT SHAYNE ABRAM MELTON'S AND AFFIRMATIVE
### DEFENSES TO PLAINTIFF'S COMPLAINT AT LAW

NOW COMES the Defendant, SHAYNE ABRAM MELTON, by and through his attorneys, Lew R. C. Bricker, Tanya N. Petermann and SMITHAMUNDSEN LLC, and in answer to plaintiff's Complaint at Law, states the following:

### COUNT I

1.      On and prior to November 4, 2005, 51st Street was a much used and well traveled public highway extending in a generally easterly and westerly direction and was intersected by Wentworth Avenue another much used and well traveled public highway extending in a generally northerly and southerly direction and said highways and said intersection were located in the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**

**Defendant admits the allegation of Paragraph 1 of Plaintiff's Complaint at Law.**

2.      Traffic for 51st Street at said intersection was regulated by a traffic signal alternatively displaying, red, yellow and green lights.

**ANSWER:**

**Defendant admits the allegations of Paragraph 2 of Plaintiff's Complaint at Law.**

3.      On November 4, 2005, the plaintiff, Melissa Manning, was operating a vehicle in an easterly direction on 51st Street and was in the process of making a left turn onto Wentworth Avenue so as to proceed in a northerly direction.

**ANSWER:**

**Defendant admits the allegations of Paragraph 3 of Plaintiff's Complaint at Law.**

4.      At said time and place, the Defendant, Smithway Motor Xpress, Inc., owned and its agent and servant, Defendant, Shayne Abram Melton was operating a semi-tractor trailer in an easterly direction in the right outer lane of 51st Street and at the time of the occurrence complained of herein, Defendant, Shayne Abram Melton while attempting a left turn onto northbound Wentworth Avenue drove his semi-tractor trailer from the right outer lane of 51st Street into the left inner lane of traffic on 51st Street.

**ANSWER:**

**Defendant admits he was turning left onto northbound Wentworth Avenue on November 2005 from eastbound 51st Street on November 4, 2005.  Defendant admits that on November 4, 2005 he was employed as a truck driver and performed his duties while an employee of co-defendant, SMITHWAY MOTOR XPRESS, INC. with instructions to operate the truck and perform his duties while using reasonable and due care in compliance with all applicable state laws.  Defendant denies the remaining allegations of Paragraph 4 of Plaintiff's Complaint at Law and each of them.**

5.      At said time and place, the Defendant, Smithway Motor Xpress, Inc. by and through its agent and servant the Defendant, Shayne Abram Melton and the Defendant Shayne Abram Melton, Individually, carelessly and negligently:

      a.      Drove and operated said semi-tractor trailer;

      b.      Failed to keep a careful lookout ahead for other traffic;

      c.      Failed to keep proper control over said semi-tractor trailer while making a left turn;

      d.      Drove and operated said semi-tractor trailer by moving from the right outer lane into the left inner lane without

first ascertaining whether or not such movement can be made with safety; Contrary to and in violation of the provisions of the *625 ILCS 5/11-709 of the Illinois Motor Vehicle Code*;

e.    Failed to stay within the appropriate lane for traffic while turning left onto northbound Wentworth Avenue;

f.    Was otherwise careless and negligent in the operation of said semi-tractor trailer.

**ANSWER:**

**Defendant denies the allegations of Paragraph 5, including subsections (a.) through (f.), and each of them.**

6.    As a direct and proximate result and in consequence of one or more or said wrongful acts of the Defendants, their semi-tractor trailer struck plaintiff's vehicle with great force and violence, causing the plaintiff to be thrown about the inside of her said vehicle and thereby she sustained severe and permanent injuries; that as a result of her said injuries she has suffered and with reasonable certainty will continue to suffer great pain and discomfort; and she has been and will be hindered from attending to her usual affairs and duties and from following her usual occupation; and she has been and will be deprived of large earnings and profits which she would have otherwise realized; and she has incurred and will in the future continue to become liable for large sums of money for the care and treatment of her said injuries.

**ANSWER:**

**Defendant denies the allegations of Paragraph 6 of Plaintiff's Complaint at Law and each of them.**

WHEREFORE, Defendant, SHAYNE ABRAM MELTON, denies that the plaintiff is entitled to judgment in any sum and prays that the within suit be dismissed with prejudice with the costs of the suit taxed to the plaintiff.

### DEFENDANT, SHAYNE ABRAM MELTON'S AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AT LAW

NOW COMES the Defendant, SHAYNE ABRAM MELTON, by and through his attorneys, Lew R.C. Bricker, Tanya N. Petermann, and SMITHAMUNDSEN LLC, and for his Affirmative Defenses to the Plaintiff's Complaint, pleading hypothetically and in the alternative, states as follows:

### FIRST AFFIRMATIVE DEFENSE

### Contributory Negligence of the Plaintiff

1.     It was the duty of the plaintiff, MELISSA MANNING, to exercise ordinary care in the operation of her motor vehicle.

2.     It was the duty of the plaintiff, MELISSA MANNING, to exercise ordinary care for her safety.

3.     That at the time and place complained of in the Plaintiffs' Complaint at Law, the plaintiff, MELISSA MANNING, committed one or more of the following acts of contributory negligence which were the cause or sole cause of her injuries and damages:

    a.     Failed to keep her motor vehicle under proper control;

    b.     Failed to keep a proper lookout for other vehicles then and there upon the roadway;

    c.     Failed to yield the right of way to other vehicles then and there upon the roadway;

    d.     Failed to provide audible warning of his approach although such a warning was reasonable and necessary to ensure the safe operation of his vehicle;

    e.     Failed to remain stopped at said intersection until entrance therein could be made with reasonable safety;

    f.     Failed to reduce speed in order to avoid a collision;

g.    Failed to see and observe another motor vehicle when it could and should have been seen and observed;

h.    Turned a motor vehicle from a direct course upon said highway when such movement could not be made with reasonable safety and without giving an appropriate signal;

i.    Failed to take any evasive action to avoid the collision between her vehicle and the vehicle driven by Melton; and

j.    Was otherwise careless and/or negligent.

4.    As a direct and proximate result of one of the foregoing, the plaintiff, MELISSA MANNING, caused her alleged injuries and damages.

5.    In the event that the plaintiff MELISSA MANNING's conduct is determined to have exceeded 50% of the proximate cause of the plaintiff, MELISSA MANNING's alleged injuries and damages, then the plaintiff, MELISSA MANNING, will be barred from any recovery.

6.    In the event that the plaintiff, MELISSA MANNING's conduct is determined to have been 50% or less of the proximate cause of the plaintiff, MELISSA MANNING's alleged injuries and damages, then the plaintiff, MELISSA MANNING's recovery must be proportionately reduced.

WHEREFORE, Defendant, SHAYNE ABRAM MELTON, denies that the plaintiff is entitled to judgment in any sum and prays that the plaintiff's Complaint at Law be dismissed with prejudice with the costs of the suit taxed to the plaintiff.  Defendant further prays that if the trier of fact finds in favor of the plaintiff and against the Defendant on the question of liability, that any award of damages to the plaintiff be reduced or barred commensurate with that degree of contributory negligence attributable to the plaintiff in causing her own injuries.

Respectfully Submitted,

S/    Tanya N. Petermann

5

Tanya N. Petermann - 6283745
Attorney for Defendant, Shayne Abram Melton
SmithAmundsen LLC
150 N. Michigan Avenue, Suite 3300
Chicago, IL 60601
(312) 894-3200
(312) 894-3210
tpetermann@salawus.com

Lew R. C. Bricker
Tanya N. Petermann
Attorneys for Defendant, Shayne Abram Melton
SmithAmundsen LLC
150 North Michigan Avenue, Suite 3300
Chicago, IL 60601
(312) 894-3200